1
2
3
4
5
6           **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8
9  Adela V. Villarreal,                    No. CV-14-02399-TUC-RM
10                  Plaintiff,              **ORDER**
11  v.
12  Carolyn W. Colvin,
13                  Defendant.
14

15        Pending before the Court is a Report and Recommendation issued by Magistrate

16  Judge Eric J. Markovitch (Doc. 16).   In his Report and Recommendation, Judge

17  Markovitch recommends that this Court find the Administrative Law Judge ("ALJ")

18  committed several legal errors in denying Plaintiff Adela V. Villarreal's claim and

19  accordingly remand the case for an award of benefits.   Defendant Carolyn W. Colvin

20  filed an Objection (Doc. 18), and Plaintiff responded (Doc. 19).

21  *I.*     ***Standard of Review***

22        A district judge must "make a de novo determination of those portions" of a

23  magistrate judge's "report or specified proposed findings or recommendations to which

24  objection is made."  28 U.S.C. §636(b)(1)(C).  The advisory committee notes to Rule

25  72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

26  filed, the court need only satisfy itself that there is no clear error on the face of the record

27  in order to accept the recommendation" of a magistrate judge.  *See also Prior v. Ryan*,

28  2012 WL 1344286, *1 (D. Ariz. Apr. 8, 2012) (reviewing for clear error unobjected-to

portions of Report and Recommendation); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district judge reviews those unobjected portions for clear error.").

## II.    Analysis

Defendant objected not to Judge Markovitch's finding of legal error, but to his chosen remedy.  Thus, this Court reviews Judge Markovitch's recommendation for a remand for an award of benefits (rather than for additional proceedings) de novo, and reviews Judge Markovitch's finding that the ALJ committed various legal errors for clear error.  After its independent review of the record, this Court finds no error in Judge Markovitch's thorough and carefully reasoned finding that the ALJ erred.

Defendant argues that Judge Markovitch's recommendation of remand for an award of benefits is contrary to Ninth Circuit law.  Specifically, Defendant argues that according to *Treichler v. Commissioner of Social Security*, 775 F.3d 1090 (9th Cir. 2014), Judge Markovitch could not credit Plaintiff's evidence as true and thereby recommend remand for an award of benefits simply because the ALJ committed various legal errors. It is true that *Treichler* does forbid a reviewing court to apply the "credit as true" standard based only upon a finding that an ALJ erred.  *See Treichler*, 775 F.3d at 1105-06.  A finding that the ALJ committed legal error is but the first step in determining whether the "credit as true" rule may be applied.  *Id.* 775 F.3d at 1100-01.  After such a finding, the court must also determine if the record has been fully developed, such that there are no outstanding factual issues that must be resolved.  *Id.* at 1101.  Then, the court must determine if "the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'"  *Id.*  (quoting *N.L.R.B v. Wyman v. Gordon*, 394 U.S. 759, 766 n.6 (1969)) (alteration in original).  Only after all three determinations have been made can a court find the relevant testimony as true and remand for benefits instead of additional administrative proceedings.

However, while the section of the Report and Recommendation discussing remedies could be read as making a premature application of the "credit as true" rule, the

whole Report and Recommendation demonstrates that Judge Markovitch determined that this is one of the rare cases in which remand for an award of benefits is warranted.  (*See* Doc. 16 at 32-54).   The full record, as detailed in Judge Markovitch's Report and Recommendation, demonstrates that the record before this Court is fully developed and all issues have been resolved.  The inconsistencies in fact that caused the *Treichler* court to reject the "credit as true" rule do not exist in this record.  Further, given the consistent testimony of Plaintiff's primary doctor, of the vocational expert when presented with hypotheticals in line with Plaintiff's condition, and of the lay witnesses, there is not the slightest uncertainty as to the outcome of the proceeding.  Thus, this Court concludes that the recommendation for a remand for benefits was appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Eric J. Markovitch's Report and Recommendation (Doc. 16) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that the decision of the Social Security Commissioner is **reversed**, and this case is **remanded** for an award of benefits consistent with this Order and with Judge Markovitch's Report and Recommendation.  The Clerk of Court is directed to close this case and enter judgment accordingly.

Dated this 30th day of March, 2016.

Honorable Rosemary Marquez
United States District Judge